David G. Bray, Arizona Bar No. 14346
dbray@dickinsonwright.com
David N. Ferrucci, Arizona Bar No. 27423
dferrucci@dickinsonwright.com
Dickinson Wright Mariscal Weeks
2901 North Central Avenue, Suite 200
Phoenix, Arizona  85012-2705
Telephone:   602-285-5000
Facsimile:    602-285-5100

Attorneys for Plaintiff
Brandywine Communications Technologies, LLC

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandywine Communications Technologies, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Gutierrez-Palmenberg, Inc. d/b/a Phoenix Internet,<br><br>　　　　　　　　Defendant. | Case No.:<br><br>**PLAINTIFF BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Brandywine Communications Technologies, LLC ("Brandywine" or "Plaintiff"), by way of Complaint against the above-named Defendant ("Phoenix" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1.　　This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.　　Plaintiff Brandywine is a limited liability company organized under the laws of the State of Delaware with a place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania 19085.

3. Defendant Phoenix is a corporation organized under the laws of the State of Arizona with its principal place of business at 2922 W. Clarendon Ave., Phoenix, Arizona 85017.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. Defendant is subject to the jurisdiction of this Court because it operates, and its owner resides, in this State.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## FACTUAL BACKGROUND

8. On April 27, 1993, U.S. Patent No. 5,206,854 (the "'854 Patent"), entitled "Detecting Loss of Echo Cancellation" was duly and legally issued by the United States Patent and Trademark Office to inventors William L. Betts and Robert A. Day, II (collectively the "'854 Inventors").  The '854 Patent has been duly and legally assigned to Brandywine.  A copy of the '854 Patent is attached as Exhibit A.

9. On October 5, 1993, U.S. Patent No. 5,251,328 (the "'328 Patent"), entitled "Predistortion Technique for Communications Systems," was duly and legally issued by the United States Patent and Trademark Office to inventor David G. Shaw (the "'328 Inventor").  The '328 Patent and has been duly and legally assigned to Brandywine.  A copy of the '328 Patent is attached as Exhibit B.

10. On September 22, 1998, U.S. Patent No. 5,812,537 (the "'537 Patent"), entitled "Echo Canceling Method and Apparatus for Data Over Cellular," was duly and legally issued by the United States Patent and Trademark Office to inventors William Lewis Betts, Ramon B. Hazen, and Robert Earl Scott (collectively the "'537 Inventors").

1  The '537 Patent has been duly and legally assigned to Brandywine.  A copy of the '537
2  Patent is attached as Exhibit C.
3       11.     On October 27, 1998, U.S. Patent No. 5,828,657 (the "'657 Patent"), entitled
4  "Half-Duplex Echo Canceler Training Using a Pilot Signal," was duly and legally issued
5  by the United States Patent and Trademark Office to inventors William Lewis Betts,
6  Ramon B. Hazen, and Robert Earl Scott (collectively the "'657 Inventors").  The '657
7  Patent has been duly and legally assigned to Brandywine.  A copy of the '657 Patent is
8  attached as Exhibit D.
9       12.     On November 29, 2005, U.S. Patent No. 6,970,501 (the "'501 Patent"),
10 entitled "Method and Apparatus For Automatic Selection and Operation of a Subscriber
11 Line Spectrum Class Technology," was duly and legally issued by the United States Patent
12 and Trademark Office to inventors Gordon Bremer and Philip J. Kyees (collectively the
13 "'501 Inventors").  The '501 Patent has been duly and legally assigned to Brandywine.  A
14 copy of the '501 Patent is attached as Exhibit E.
15      13.     On February 22, 2011, U.S. Patent No. 7,894,472 (the "'472 Patent"), entitled
16 "Method and Apparatus For Automatic Selection and Operation of a Subscriber Line
17 Spectrum Class Technology," was duly and legally issued by the United States Patent and
18 Trademark Office to inventors Gordon Bremer and Philip J. Kyees (collectively the "'472
19 Inventors").  The '472 Patent has been duly and legally assigned to Brandywine.  A copy of
20 the '472 Patent is attached as Exhibit F.
21      14.     On December 10, 2012, Brandywine sent a letter to Defendant notifying
22 Defendant that it has been infringing the '854, '328, '537, '657, '501, and '472 Patents
23 through the operation of its Digital Subscriber Line ("DSL") business.  This letter was sent
24 by certified mail with return receipt requested.  Upon information and belief, Defendant
25 has received the letter.
26

## FIRST CLAIM OF RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 5,206,854

## (35 U.S.C. § 271)

15.     The allegations set forth in the foregoing paragraphs 1 through 14 are hereby realleged and incorporated herein by reference.

16.     Upon information and belief, Defendant has infringed one or more claims of the '854 Patent in this judicial district and elsewhere by making, using, selling, and/or offering for sale services and products that infringe and/or perform processes that infringe one or more claims of the '854 Patent ("Accused Services and Products for the '854 Patent").

17.     Upon information and belief, Defendant's Accused Services and Products for the '854 Patent include but are not limited to Defendant's DSL service and equipment.

18.     Defendant had actual knowledge of the '854 Patent and its alleged infringement of that patent since at least the time it received Brandywine's December 10, 2012 notice of infringement letter.

19.     Because of Defendant's infringement of the '854 Patent, Brandywine has suffered damages.

## SECOND CLAIM OF RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 5,251,328

## (35 U.S.C. § 271)

20.     The allegations set forth in the foregoing paragraphs 1 through 19 are hereby realleged and incorporated herein by reference.

21.     Upon information and belief, Defendant has infringed one or more claims of the '328 Patent in this judicial district and elsewhere by making, using, selling, and/or offering for sale services and products that infringe and/or perform processes that infringe

one or more claims of the '328 Patent ("Accused Services and Products for the '328 Patent").

22. Upon information and belief, Defendant's Accused Services and Products for the '328 Patent include but are not limited to Defendant's DSL service and equipment.

23. Defendant had actual knowledge of the '328 Patent and its alleged infringement of that patent since at least the time it received Brandywine's December 10, 2012 notice of infringement letter.

24. Because of Defendant's infringement of the '328 Patent, Brandywine has suffered damages.

## THIRD CLAIM OF RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 5,812,537

## (35 U.S.C. § 271)

25. The allegations set forth in the foregoing paragraphs 1 through 24 are hereby realleged and incorporated herein by reference.

26. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '537 Patent in this judicial district and elsewhere by making, using, selling, and/or offering for sale services and products that infringe and/or perform processes that infringe one or more claims of the '537 Patent ("Accused Services and Products for the '537 Patent").

27. Upon information and belief, Defendant's Accused Services and Products for the '537 Patent include but are not limited to Defendant's DSL service, modems, and equipment.

28. Defendant had actual knowledge of the '537 Patent and its alleged infringement of that patent since at least the time it received Brandywine's December 10, 2012 notice of infringement letter.

29.     Upon information and belief, since at least the time it received Brandywine's December 10, 2012 notice letter, Defendant has committed and continues to commit acts of contributory infringement of the '537 Patent under 35 U.S.C. § 271(c) by providing products, including the Accused Services and Products to others, including but not limited to its customers and partners, knowing or willfully blind to the fact that that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '537 Patent, and have no substantial non-infringing uses.

30.     In particular, the Accused Services and Products include DSL modems, which constitute an especially adapted component to receive Defendant's DSL service. These modems are used by Defendant's partners and customers to perform all of the steps recited in one claim of the '537 Patent.  These modems have no substantial non-infringing uses at least because they contain components whose only purpose is to practice the claimed method of providing the infringing DSL service.  The use of these modems by Defendant's partners and customers constitutes direct infringement of at least one claim of the '537 Patent.  Defendant has known or remained willfully blind to these facts since at least the date it received the notice letter from Brandywine notifying Defendant that such activities infringed the '537 Patent.

31.     Upon information and belief, since at least the time it received Brandywine's December 10, 2012 notice letter, Defendant has induced and continues to induce others to infringe at least one claim of the '537 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Services and Products constitutes direct infringement of at least one claim of the '537 Patent.

32.     In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Services and

1 Products and providing instruction materials, training, and consulting services regarding 2 the Accused Services and Products.  On information and belief, Defendant has engaged in 3 such actions with specific intent to cause infringement or with willful blindness to the 4 resulting infringement because Defendant has had actual knowledge of the '537 Patent and 5 that its acts were inducing its customers to infringe the '537 Patent since at least the date it 6 received the notice letter from Brandywine notifying Defendant that such activities 7 infringed the '537 Patent.

8   33.   Despite Brandywine's notice regarding the '537 Patent, Defendant has 9 continued to infringe the '537 Patent.  On information and belief, Defendant's infringement 10 has been and continues to be willful.

11   34.   Brandywine has been harmed by Defendant's infringing activities.

## FOURTH CLAIM OF RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 5,828,657

## (35 U.S.C. § 271)

15   35.   The allegations set forth in the foregoing paragraphs 1 through 34 are hereby 16 realleged and incorporated herein by reference.

17   36.   Upon information and belief, Defendant has infringed and continues to 18 infringe one or more claims of the '657 Patent in this judicial district and elsewhere by 19 making, using, selling, and/or offering for sale services and products that infringe and/or 20 perform processes that infringe one or more claims of the '657 Patent ("Accused Services 21 and Products for the '657 Patent").

22   37.   Upon information and belief, Defendant's Accused Services and Products for 23 the '657 Patent include but are not limited to Defendant's DSL service, modems, and 24 equipment.

38.     Defendant had actual knowledge of the '657 Patent and its alleged infringement of that patent since at least the time it received Brandywine's December 10, 2012 notice of infringement letter.

39.     Upon information and belief, since at least the time it received Brandywine's December 10, 2012 notice letter, Defendant has committed and continues to commit acts of contributory infringement of the '657 Patent under 35 U.S.C. § 271(c) by providing products, including the Accused Services and Products to others, including but not limited to its customers and partners, knowing or willfully blind to the fact that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '657 Patent, and have no substantial non-infringing uses.

40.     In particular, the Accused Services and Products include DSL modems, which constitute an especially adapted component to receive Defendant's DSL service. These modems are used by Defendant's partners and customers to perform all of the steps recited in one claim of the '657 Patent.  These modems have no substantial non-infringing uses at least because they contain components whose only purpose is to practice the claimed method of providing the infringing DSL service.  The use of these modems by Defendant's partners and customers constitutes direct infringement of at least one claim of the '657 Patent.  Defendant has known or remained willfully blind to these facts since at least the date it received the notice letter from Brandywine notifying Defendant that such activities infringed the '657 Patent.

41.     Upon information and belief, since at least the time it received Brandywine's December 10, 2012 notice letter, Defendant has induced and continues to induce others to infringe at least one claim of the '657 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the

1 Accused Services and Products constitutes direct infringement of at least one claim of the
2 '657 Patent.

3     42.    In particular, Defendant's actions that aid and abet others such as its partners
4 and customers to infringe include advertising and distributing the Accused Services and
5 Products and providing instruction materials, training, and consulting services regarding
6 the Accused Services and Products.  On information and belief, Defendant has engaged in
7 such actions with specific intent to cause infringement or with willful blindness to the
8 resulting infringement because Defendant has had actual knowledge of the '657 Patent and
9 that its acts were inducing its customers to infringe the '657 Patent since at least the date it
10 received the notice letter from Brandywine notifying Defendant that such activities
11 infringed the '657 Patent.

12     43.    Despite Brandywine's notice regarding the '657 Patent, Defendant has
13 continued to infringe the '657 Patent.  On information and belief, Defendant's infringement
14 has been and continues to be willful.

15     44.    Brandywine has been harmed by Defendant's infringing activities.

## FIFTH CLAIM OF RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,970,501
## (35 U.S.C. § 271)

19     45.    The allegations set forth in the foregoing paragraphs 1 through 44 are hereby
20 realleged and incorporated herein by reference.

21     46.    Upon information and belief, Defendant has infringed and continues to
22 infringe one or more claims of the '501 Patent in this judicial district and elsewhere by
23 making, using, selling, and/or offering for sale services and products that infringe and/or
24 perform processes that infringe one or more claims of the '501 Patent ("Accused Services
25 and Products for the '501 Patent").

26

47. Upon information and belief, Defendant's Accused Services and Products for the '501 Patent include but are not limited to Defendant's DSL service, modems, and equipment.

48. Defendant had actual knowledge of the '501 Patent and its alleged infringement of that patent since at least the time it received Brandywine's December 10, 2012 notice of infringement letter.

49. Upon information and belief, since at least the time it received Brandywine's December 10, 2012 notice letter, Defendant has induced and continues to induce others to infringe at least one claim of the '501 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Services and Products constitutes direct infringement of at least one claim of the '501 Patent.

50. In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Services and Products and providing instruction materials, training, and consulting services regarding the Accused Services and Products.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '501 Patent and that its acts were inducing its customers to infringe the '501 Patent since at least the date it received the notice letter from Brandywine notifying Defendant that such activities infringed the '501 Patent.

51. Despite Brandywine's notice regarding the '501 Patent, Defendant has continued to infringe the '501 Patent.  On information and belief, Defendant's infringement has been and continues to be willful.

52. Brandywine has been harmed by Defendant's infringing activities.

# SIXTH CLAIM OF RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 7,894,472

### (35 U.S.C. § 271)

53. The allegations set forth in the foregoing paragraphs 1 through 52 are hereby realleged and incorporated herein by reference.

54. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '472 Patent in this judicial district and elsewhere by making, using, selling, and/or offering for sale services and products that infringe and/or perform processes that infringe one or more claims of the '472 Patent ("Accused Services and Products for the '472 Patent").

55. Upon information and belief, Defendant's Accused Services and Products for the '472 Patent include but are not limited to Defendant's DSL service, modems, and equipment.

56. Defendant had actual knowledge of the '472 Patent and its alleged infringement of that patent since at least the time it received Brandywine's December 10, 2012 notice of infringement letter.

57. Upon information and belief, since at least the time it received Brandywine's December 10, 2012 notice letter, Defendant has induced and continues to induce others to infringe at least one claim of the '472 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Services and Products constitutes direct infringement of at least one claim of the '472 Patent.

58. In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Services and Products and providing instruction materials, training, and consulting services regarding

the Accused Services and Products.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '472 Patent and that its acts were inducing its customers to infringe the '472 Patent since at least the date it received the notice letter from Brandywine notifying Defendant that such activities infringed the '472 Patent.

59.     Despite Brandywine's notice regarding the '472 Patent, Defendant has continued to infringe the '472 Patent.  On information and belief, Defendant's infringement has been and continues to be willful.

60.     Brandywine has been harmed by Defendant's infringing activities.

## **JURY DEMAND**

Brandywine demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Brandywine respectfully requests that this Court enter judgment for Brandywine and against Defendant as follows:

A. An adjudication that Defendant has infringed the '854, '328, '537, '657, '501, and '472 Patents;

B. An award of damages to be paid by Defendant adequate to compensate Brandywine for Defendant's past infringement of the above Patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An order that Defendant pay an ongoing royalty in an amount to be determined for any continued infringement of the above Patents after the date judgment is entered;

D. An award of treble damages under 35 U.S.C. § 284;

E.  A declaration finding this to be an exceptional case, and awarding Brandywine attorney fees under 35 U.S.C. § 285; and

F.  For such further relief at law and in equity as the Court may deem just and proper.

Dated:  January 17, 2013

Respectfully submitted,

DICKINSON WRIGHT MARISCAL WEEKS


/s/David G. Bray
David G. Bray, Arizona Bar No. 14346
dbray@dickinsonwright.com
David N. Ferrucci, Arizona Bar No. 27423
dferrucci@dickinsonwright.com
2901 North Central Avenue, Suite 200
Phoenix, AZ  85012-2705
Telephone (602) 285-5000
Facsimile (602) 285-5100

Attorneys for Brandywine Communications Technologies, LLC